**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RONALD E. HARRIS, *et al.*,** | : | **Case No. 2:26-cv-593** |
| **Plaintiffs,** | : | |
| **vs.** | : | **District Judge Edmund A. Sargus, Jr.** **Magistrate Judge S. Courter M. Shimeall** |
| **BARRACK OBAMA, *et al.*,** | : | |
| **Defendants.** | : | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Ronald E. Harris, an inmate at the London Correctional Institution ("LoCI"), in London, Ohio, brings this *pro se* civil action on behalf of himself and family members Rebecca L. Harris ("R. L. Harris"), Tonya D. Harris ("T. Harris"), and Keli C. Harris ("K. Harris"). He has filed a "Complaint" under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 18 U.S.C. § 670, as well as the Commerce Clause of the United States Constitution, against former Presidents Obama, Biden, and George W. Bush, former Secretary of State Clinton, former Ohio Governor Taft, and President Trump. (*See generally* ECF No. 1.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

Having performed the initial screen, it is **RECOMMENDED** that the Court **DISMISS without prejudice** Plaintiff's claims to the extent that he brings them on behalf of R. L. Harris, T.

Harris, and K. Harris, and **DISMISS with prejudice** as frivolous under 28 U.S.C. § 1915A(b)(1) Plaintiff's claims to the extent he brings them on his own behalf.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED.**[1] (ECF No. 3.) Plaintiff must pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1).

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A806118) at London Correctional Institute is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.[2]

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

[1] Although Plaintiff Ronald E. Harris paid a $5.00 filing fee, he submitted a "Complaint for Civil Case" form and a Motion for Leave to Proceed *in forma pauperis*. Moreover, his claims do not sound in either habeas corpus or mandamus. (ECF Nos. 1, 2, 3.)

[2] As Plaintiff has already paid five dollars ($5.00), that amount should be deducted from the amount of the initial partial filing fee.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I. Screening the Complaint

### A. Legal Standard

Congress enacted 28 U.S.C. § 1915, the federal in forma pauperis statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328–29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is

immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 (noting that the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does

a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B. Plaintiff Ronald E. Harris' Complaint**

To the extent that the Court can discern them, Plaintiff Ronald E. Harris alleges three claims, with little to no factual allegations: First, that each Defendant "has failed to provide and protect the people and their property's defined trade secrets requested to Congress." (*See* Complaint, ECF No.1, PAGEID #: 9.) He alleges that among these failures to protect are "intellectual property rights . . . copyrights / patents" that he sought to file, including a patent for a serum treating "blood borne disease," "alternative energy patent," and an "atomic and magnetic" patent. (*Id*. at PAGEID #: 8). Second, according to Plaintiff, documents were created for a prior request on November 13, 2025, "before Library demolition which in return has only been multiple setbacks to get this successive request to not review all similar petition denied." (*Id.*at PAGEID ##: 9–10.) Plaintiff indicates that all Defendants were "in witness" to whatever the "setbacks" were, and that there is a "lack of good serums of vaccines" stemming from this claim. (*Id.* at PAGEID #: 10.) Finally, Plaintiff asserts a medical neglect claim for all Plaintiffs' "mental and physical trauma for the very requesting of cancer cures." (*Id.*)

Plaintiff Ronald E. Harris requests monetary relief of thirty million dollars[3] and injunctive relief that "the order of Peace and dignity be restored to [non-prisoner Plaintiffs'] housing location" that "was forfeited because of massive Heart attacks and multiple created dilemmas." (*Id.*)

[3] While Plaintiff earlier in his Complaint seeks only ten million dollars for property damages, he later asserts ten million dollars for actual damages, ten million dollars for punitive damages, and ten million dollars for exemplary damages. (*See* Complaint, ECF No. 1, PAGEID ##: 8, 10.) For screening purposes, the Court will reference thirty million dollars as the total monetary relief sought.

### C. Dismissal of Plaintiff Ronald E. Harris' Complaint

#### i. Claims Brought on Behalf of R. L. Harris, T. Harris, and K. Harris

As an initial matter, Plaintiff cannot bring claims on behalf of others, as he attempts to do for R. L. Harris, T. Harris, and K. Harris. *See Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) ("Because, by definition, pro se means to appear on one's own behalf, a person may not appear pro se on another person's behalf in the other's cause of action." (citation omitted)). While 28 U.S.C. § 1654 permits individual parties to "plead and conduct their own cases personally," without an attorney, this provision does not authorize a non-attorney to bring suit on behalf of a third person. *See Coleman v. Indymac Venture, LLC*, 966 F. Supp. 2d 759, 767 (W.D. Tenn. 2013) ("The federal courts have long held that Section 1654 preserves a party's right to proceed pro se, but only on his own claims; only a licensed attorney may represent other persons.").

R. L. Harris, T. Harris, and K. Harris did not sign the Complaint, and Plaintiff cannot assert claims on their behalf. Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."); *Sykes v. United States*, 507 F. App'x 455, 459 (6th Cir. 2012) (stating that a plaintiff may not "appear *pro se* where the interests of others are at issue"). Because Plaintiff is not represented by an attorney, it is **RECOMMENDED** that his claims, to the extent he brings them on behalf of R. L. Harris, T. Harris, and K. Harris, be **DISMISSED without prejudice**.

#### ii. Claims Brought on Mr. Harris's Own Behalf

To the extent that he brings his claims on his own behalf, the Court recommends that Plaintiff's claims be dismissed as frivolous because he does not make any claim with a rational or arguable basis in law or fact. *See Neitzke,* 490 U.S. at 328–29; *see also Lawler*, 898 F.2d at 1198.

Plaintiff's claims, to the extent that the Court can parse them, are factually frivolous because "the allegations are delusional or rise to the level of the irrational or 'wholly incredible.'" *Denton*,

504 U.S. at 32; *Lawler,* 898 F.2d at 1199. Plaintiff asserts that three former Presidents, a former Secretary of State, a former Ohio governor, and the current President all denied him patents and copyrights in a serum that purports to treat a "blood-borne disease," an "alternative energy" patent, and an "atomic and magnetic" patent, and that this denial led to physical and mental distress of himself and his family members, including "massive Heart attacks." (*See* ECF No. 1, PAGEID ##: 9–10.) Moreover, even if Plaintiff's allegations were not "wholly incredible" they are also conclusory, and lack any factual development setting out what each Defendant personally did and when the Complaint's events occurred. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Consequently, the Complaint is frivolous, fails on its face, and should be dismissed.

## II. Conclusion

Accordingly, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 3) is **GRANTED.** It is **RECOMMENDED** that the Court **DISMISS without prejudice** the claims Plaintiff purports to bring on behalf of R. L. Harris, T. Harris, and K. Harris. Further, to the extent Plaintiff brings his claims on his own behalf, the Court **RECOMMENDS** Plaintiff's claims be **DISMISSED with prejudice** as frivolous under 28 U.S.C. § 1915A(b)(1)).

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District

Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: October 14, 2026

*S/ S. Courter M. Shimeall*
S. Courter M. Shimeall
United States Magistrate Judge